J-S70022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ROBERT WILLIAM CUMMINGS JR. | |
| Appellant | No. 3241 EDA 2015 |

Appeal from the PCRA Order October 20, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001226-2014
CP-23-CR-0001227-2014

BEFORE:  OLSON, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 24, 2016**

Robert William Cummings, Jr., appeals from the order entered October 20, 2015,[1] in the Court of Common Pleas of Delaware County, that dismissed, without a hearing, his first petition filed pursuant to the Pennsylvania Post Conviction Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Cummings seeks relief from the judgment of sentence to serve an aggregate term of two to six years' imprisonment and a four-year term of probation. We quash the appeal.

---

[1] We note that Cummings mistakenly listed on the notice of appeal that the appeal was taken from the order entered on September 25, 2015.  The PCRA court dismissed Cummings' PCRA petition on October 20, 2015.  Cummings filed the *pro se* notice of appeal on October 28, 2015. Accordingly, we have amended the caption to reflect the proper date of the order under appeal.

The Honorable Kevin Kelly has provided a detailed summary of the procedural history of this case in his extensive, 40-page Pa.R.A.P. 1925(a) opinion. *See* PCRA Court Opinion, 5/11/2016, at 1–9.[2] Turning to examine the merits of this appeal, we find substantial defects in the brief filed by Cummings preclude our review.

At the outset, we note that appellate briefs are required to "conform in all material respects" with the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defects in the brief are substantial. Pa.R.A.P. 2101; ***Commonwealth v. Adams***, 882 A.2d 496, 497–498 (Pa. Super. 2005) ("This Court may quash or dismiss an appeal if the appellant fails to conform

---

[2] Cummings was tried in a non-jury trial involving three separate cases: Docket Nos. 1226-14, 1227-14, and 1223-14. At Docket No. 1226-14, Cummings was found guilty of intimidation of a witness (two counts) and terroristic threats. 18 Pa.C.S. §§ 4952(a)(3), 4952(a)(6) and 2706, respectively. At Docket No. 1227-14, Cummings was found guilty of intimidation of a witness (two counts) and terroristic threats. 18 Pa.C.S. §§ 4952(a)(3), 4952(a)(6) and 2706, respectively. At Docket No. 1223-14, Cummings was found not guilty of all prosecuted offenses, including multiple rape and involuntary deviate sexual intercourse counts. See PCRA Court Opinion, 5/11/2016, at 4.

On August 6, 2014, Cummings was sentenced as stated above. No post-sentence motion or direct appeal was filed. Cummings filed a *pro se* PCRA petition on April 9, 2015. The PCRA court appointed counsel, who filed a petition to withdraw and ***Turner/Finley*** no-merit letter. ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On September 25, 2015, the PCRA court granted counsel's petition to withdraw and issued Pa.R.Crim.P. 701 notice of intent to dismiss. The PCRA court dismissed Cummings' petition on October 20, 2015.

to the requirements set forth in the Pennsylvania Rules of Appellate Procedure."). Furthermore, we note Cummings' *pro se* status does not excuse his failure to comply with the rules of appellate practice. ***See id.*** at 498 ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant."); ***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996) ("While this Court is willing to liberally construe materials filed by *pro se* litigants, … appellant is not entitled to any particular advantage because [he] lacks legal training.") (citation omitted).

The Pennsylvania Rules of Appellate Procedure set forth the following requirements regarding the content of an appellant's brief:

**Rule 2111. Brief of the Appellant**

**(a)** **General rule.—** The brief of the appellant, except as otherwise prescribed by these rules, **shall** consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statements of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)    Argument for appellant.

(9)    A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified   in Subdivisions (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111(a) (emphasis added). "Additionally, Rules 2114 through 2119 specify in greater detail the material to be included in briefs on appeal. *See* Pa.R.A.P. 2114-2119." *Adams*, 882 A.2d at 498.

Cummings' five-page *pro se* brief consists of two hand-printed pages of self-serving assertions in defense of the charges brought against him, copies of three hand-printed pages that he had included with his *pro se* PCRA petition, and a copy of his Rule 1925(b) statement.   This brief evidences Cummings' failure to conform with all the Rule 2111(a) briefing requirements, with the one exception of attachment to the brief of a copy of the statement of errors complained of on appeal.

Given the substantial defects in Cummings' brief, we are hampered from effective appellate review.   In short, we are unable to discern what Cummings is claiming to be the PCRA court error that gives rise to this appeal.   Accordingly, we quash this appeal.   *See Rivera, supra* at 1013 ("Since the defects in appellant's brief are substantial and preclude this Court from conducting any meaningful appellate review, we quash his

appeal."). ***See also Commonwealth v. Maris***, 629 A.2d 1014 (Pa. Super. 1993) (appeal quashed because brief violated the rules of appellate procedure to a degree that precluded the court from conducting meaningful review of appellant's claims).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/24/2016